UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01824-JLS-SHK                          Date: May 06, 2022
Title:  Steve Zurba v. FCA US LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    D. Rojas                                                    N/A
   Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S
                MOTION TO REMAND (Doc. 9)**

Before the Court is a Motion to Remand filed by Plaintiff Steve Zurba.  (Mot., Doc. 9.)  Defendant FCA US, LLC opposed, and Plaintiff replied.  (Opp., Doc. 22; Reply, Doc. 23.)  The Court took this matter under submission.  For the following reasons, the Court DENIES Plaintiff's Motion.

**I.     BACKGROUND**

In the Superior Court of California (County of Riverside), Plaintiff filed a Complaint against FCA US, LLC and DCH Chrysler Dodge Jeep Ram Fiat of Temecula ("DCH").  (Ex. A (Complaint) to the Declaration of Mikaela M. Jackson ("Jackson Decl."), Doc. 1-3.)  Plaintiff is a resident of California.  (*Id.* at ¶ 2.)  Defendant FCA "is a corporation organized and in existence under the laws of the State of Delaware" with its "principal place of business . . . in the State of Michigan."  (*Id.* ¶ 4.)  A request for dismissal was filed as to DCH on September 29, 2021.  (Jackson Decl. ¶ 12, Doc. 1-3; *see also* Ex. I (Request for Dismissal), Doc. 1-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01824-JLS-SHK                                    Date: May 06, 2022
Title:  Steve Zurba v. FCA US LLC

In the Complaint, Plaintiff alleges that "[o]n or about January 16, 2018" he "purchased a 2017 Chrysler Pacifica vehicle . . . which was manufactured and or distributed by Defendant FCA."  (Ex. A (Complaint) at ¶ 9, Doc. 1-3.)  Plaintiff alleges that "[d]uring the warranty period, the Vehicle contained or developed defects, including but not limited to, defects causing the suspension and/or axles to vibrate upon turning," "defects requiring the performance of Recalls U50 and/or U64," "defects requiring the updating and/or reprogramming of the powertrain control module," and "defects requiring the replacement of two key FOB batteries."  (*Id.* ¶ 11.)  Plaintiff alleges that "[s]aid defects substantially impair[ed] the use, value, or safety of the Vehicle."  (*Id.*)  Accordingly, Plaintiff brought suit against FCA asserting California Song-Beverly Consumer Warranty Act (the "Act") claims against FCA and a claim for fraud by omission.  (*See*, *e.g.*, *id.* ¶¶ 37-55; 61-69.)

Plaintiff asserts that, as a result of the alleged violations, he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  (*Id.* ¶ 14.)  Plaintiff also seeks, among other things, "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)."  (*Id.* Prayer for Relief.)  Defendant notes "the amount in controversy is directly evidenced by the face of the Complaint, as well as the Retail Installment Sales Contract."  (Opp. at 12, Doc. 22.)  Defendant notes that "[c]alculating the payments made to date (51 months multiplied by monthly payment of $539.40 plus a $2,500 down payment), Plaintiff has paid no less than $30,009.40 for the vehicle."  (*Id.* (citing Exhibit M (Retail Installment Sale Contract), Doc. 1-3.)  Defendant further notes that "subtracting the mileage offset in this case ($3,019.54) from the amount paid/payable value is $26,989.86."  (*Id.*)  From this information, Defendant contends that "Plaintiff is seeking base damages of more than $26,989.86 before calculating the double civil penalties he seeks, attorney's fees and punitive damages."  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01824-JLS-SHK                         Date: May 06, 2022
Title:  Steve Zurba v. FCA US LLC

On October 27, 2021, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Doc. 1.)

## II.    LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction."  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Id.* (internal quotation marks omitted).

## III.    DISCUSSION

Plaintiff argues that this Court should remand this action because "Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75.000."  (Mem. at 4, Doc. 9-1.)  A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332.  Plaintiff does not contest that the parties are diverse; rather, he challenges whether Defendant has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  "[T]he amount in controversy is determined by the complaint operative at the time of removal and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01824-JLS-SHK                          Date: May 06, 2022
Title:  Steve Zurba v. FCA US LLC

encompasses all relief a court may grant on that complaint if the plaintiff is victorious."
*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction").  "If it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis omitted).  The "proper burden of proof" in cases where the "complaint is unclear and does not specify 'a total amount in controversy,'" as is the case here,[1] "is proof by a preponderance of the evidence."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Here, Defendant has met its burden in establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  Under the Act, damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2).  Defendant notes that "[c]alculating the payments made to date (51 months multiplied by monthly payment of $539.40 plus a $2,500 down payment), Plaintiff has paid no less than $30,009.40 for the vehicle."  (Opp. at 12 (citing Exhibit M (Retail Installment Sale Contract), Doc. 1-3.)  Defendant has also demonstrated that it considered mileage offsets in calculating

---

[1] In the Complaint, Plaintiff alleges that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  (Ex. A (Complaint) ¶ 14, Doc. 1-3.)  However, the Complaint does not make clear whether "damages" refers to actual damages or the total damages Plaintiff seeks in this case.  "Defendant's assertion that these damages refer only to actual damages is only an assumption" and "because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendant's reading of the Complaint."  *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039,1042 (courts are to "resolve[] all ambiguity in favor of remand to state court").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01824-JLS-SHK                                Date: May 06, 2022
Title:  Steve Zurba v. FCA US LLC

Plaintiff's damages under the Act.  *See* Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2).  Defendant notes that "the first visit was at 31,216 miles (less 16,111 miles at purchase) . . . , which equals 15,104 miles" and after "using that amount, the mileage offset is $3,019.54."  (Opp. at 9 n.1, Doc. 22.)[2]  Defendant contends that even with the mileage offset, the amount in controversy more likely than not exceeds $75,000 as Plaintiff also seeks a "civil penalty in the amount of two times Plaintiff's actual damages."  (Ex. A (Complaint) at p. 25, Doc. 1-3; Opp. at 13-14, Doc. 33); Cal. Civ. Code § 1794(c) (providing that "a civil penalty . . . shall not exceed two times the amount of actual damages").  Because Plaintiff has placed at issue not just a civil penalty generally, but has specifically requested in the prayer for relief a civil penalty "in the amount of two times Plaintiff's actual damages," Plaintiff cannot now claim that civil penalties in that amount are not in controversy.

   The Court finds that Defendant's contentions here are sufficient in establishing that removal was proper.

---

   [2] Plaintiff contends that Defendant's amount in controversy is speculative in part "Defendant fails to even establish, by a preponderance of the evidence, that a repair visit even occurred at the Vehicle's 31,216 mileage mark."  (Reply at 8 n.3, Doc. 23.)  However, in the Complaint, Plaintiff alleges that "[o]n or about January 14, 2019, with approximately 31,215 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's repair facility for performance of Recalls U50 (manual park release) and U64 (reprogram powertrain control module)" and that he presented the vehicle there "for concerns related to the Subject Vehicle's defects."  (Ex. A (Complaint) at ¶ 12, Doc. 1-3.)  In addition, Plaintiff alleges that "defects requiring the performance of Recalls U50 and/or U64" were defects that "substantially impair[ed] the use, value, or safety of the Vehicle."  (*Id.* ¶ 11.)  Contrary to Plaintiff's contentions, the Court does not find Defendant's use of the at-issue mileage mark speculative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01824-JLS-SHK                                          Date: May 06, 2022
Title:  Steve Zurba v. FCA US LLC

## IV.      CONCLUSION

For the above reasons, the Court DENIES Plaintiff's Motion.

Initials of Deputy Clerk:  droj